## CHARLES HOUGH vs. THE CITY OF BRIDGEPORT.

Fairfield Co., March T., 1889. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The charter of the city of Bridgeport gives the common council power to lay out streets, and provides for a notice to and hearing of all parties interested in any proposed lay-out. It then provides that if, after such a hearing, the council shall resolve to lay out the street, it shall appoint a committee, whose duty it shall be to make such lay-out and report their doings to the council, with a survey and particular description of the street laid out. There was a standing committee on streets and sidewalks whose duty it was to consider and recommend to the council proper action with regard to streets and sidewalks. Held—

That after the council had resolved to lay out a street, a reference to this standing committee as a special committee to lay out the same, was a compliance with the requirements of the charter.

2. That a resolution of the council that the street "be and is hereby order extended from *F.* Avenue northerly to *N.* Avenue, to be fifty feet in width and to be in accordance with red lines on a map prepared etc."; and "that the committee on streets and sidewalks be and is hereby appointed a special committee to procure and report a survey and particular description of said street," constituted a direc-

tion to the committee to lay out the street, as well as to procure the survey.

A resolution laying out the street having passed the lower house of the common council came to the board of aldermen. By law it was necessary to the validity of the lay-out that the aldermen should concur in passing it. They indefinitely postponed the resolution and at a later meeting rescinded that action and passed the resolution. Held to be a legal concurrence.

The case of *Gregory* v. *City of Bridgeport*, 52 Conn. R., 40, considered and distinguished.

[Argued March 19th—decided April 25th, 1889.]

APPLICATION to the Superior Court in Fairfield County for relief from proceedings of the common council of the defendant city in laying out the extension of a street and in the assessment of damages therefor. The facts were agreed upon and the case reserved for the advice of this court. The case is sufficiently stated in the opinion.

*R. E. DeForest* and *W. T. Haviland*, with whom was *A. M. Tallmadge*, for the plaintiff.

*C. Thompson* and *J. J. Phelan*, for the defendant.

CARPENTER J. In *Gregory* v. *City of Bridgeport*, 52 Conn., 40, a petition for widening the street was presented to the common council, and was referred to the standing committee on streets and sidewalks. That committee subsequently reported, recommending that the street be widened as prayed for, and the common council decided to widen the street according to the recommendation and survey of the committee. No further action was taken by any committee. The charter, which is the same now as then, requires that after the common council shall resolve to lay out, alter, etc., any street, highway, etc., they shall appoint a committee, whose duty it shall be to make such lay-out or alteration, and who shall report in writing their doings to said common council, etc. It was held that the charter was not complied with.

In the present case there was a petition to lay out several streets, one of which was Colorado Avenue. On the 21st day of September, 1885, that petition was referred to the board of public works. On the 2d of August, 1886, that board reported, and presented a map designating the streets which in their judgment were necessary to be laid out, and recommended its reference to the committee on streets and sidewalks, for the purpose of ordering such hearings as might be deemed necessary; which reference was had. On the 6th day of September the committee reported, recommending a notice and hearing, which report was accepted. On the 4th of October, pursuant to notice, a hearing was had. On the 1st day of November the committee reported to the board of councilmen, recommending the passage of a series of resolutions, and among them the following :—

"*Resolved*, That Colorado Avenue be and is hereby ordered extended from Fairfield Avenue northerly to North Avenue, said extension of said Colorado Avenue to be fifty feet in width, and to be in accordance with red lines on map prepared by H. G. Scofield, city engineer, said map being submitted herewith as a part of this report.

"*Resolved*, That the committee on streets and sidewalks be and is hereby appointed a special committee to procure and report to this common council a survey and particular description of each of the streets herein mentioned, in accordance with the provisions of section thirty-three of the city charter."

On the 8th of November the board of councilmen accepted the report and passed the resolutions. On the 10th of November the committee reported the same resolutions to the board of aldermen. On the 6th of December the resolution relating to Colorado Avenue was adopted in concurrence, all the other resolutions having been previously adopted.

On the 3d of January 1887, the committee, pursuant to the resolution appointing it a special committee, adopted by the board of councilmen November 8th, and by the board of aldermen December 6th, reported to the common council as

a special committee recommending the adoption of the following resolutions:—

"*Resolved*, That Colorado Avenue be and is hereby extended and laid out as a public highway, fifty feet in width, from Fairfield Avenue to North Avenue, in accordance with map and description of survey thereof prepared by H. G. Scofield, city surveyor, herewith submitted.

"*Resolved*, That his Honor, the Mayor, be requested to forthwith appoint a committee to appraise the damages and benefits resulting from such extension of Colorado Avenue."

This report was accepted and the resolutions adopted. Appraisers were appointed and damages and benefits appraised.

Upon the authority of *Gregory* v. *Bridgeport* it is claimed that the lay-out in the present case is void. But there is a marked distinction between that case and this. In that case the standing committee, to whom was referred the original petition, recommended that the prayer thereof be granted, and the common council decided to make the alteration. After that decision there was no action by any committee, special or otherwise, as the charter plainly and expressly requires. In this case, after the final decision to make the lay-out, a special committee was appointed to make it, and it did make it, and its action was subsequently approved by the common council. This difference we deem sufficient to distinguish this case from that.

Two objections in this connection should be noticed. First, that the standing committee on streets and sidewalks was not a proper committee to lay out the street. In *Gregory* v. *Bridgeport* it was held that the reference to that committee of the original petition, the whole action of the committee being before it was resolved to make the alteration, did not conform to the charter. But here we have a special reference to that committee after it was resolved to lay out the street, with instructions to lay it out, and the subsequent action of the committee was such as the charter contemplates. It was no part of the duty of the standing committee to lay out streets. The court, in *Gregory* v.

*Bridgeport*, say that "the reference of the petition to the standing committee on streets and sidewalks was clearly for them to consider and recommend the action that the common council should take in the matter, and nothing more." Such a reference the court held was not the reference intended by the charter, when it provides that if the common council shall have resolved to lay out a street "it shall appoint a committee whose duty it shall be to make such lay-out." Of course after such resolve a reference to the standing committee with instructions to lay out the street would be equivalent to a reference to a committee specially appointed for the purpose. We are aware of nothing in the charter or in reason that will disqualify that committee from acting on any matter properly referred to it. By the reference of a special matter to it, that is outside of its regular duties, it becomes for all practical purposes a special committee.

Second. That the committee was not appointed to lay out the street, but to procure and report to the common council a survey and particular description of the street. This is a distinction without a difference. What is it to lay out a highway? It is to locate it and define its limits. A survey and particular description does just that. It is to be observed that this resolution was preceded by another, "that Colorado Avenue be and is hereby ordered extended from Fairfield Avenue northerly to North Avenue, said extension to be fifty feet in width, and to be in accordance with red lines on a map prepared by H. G. Scofield, city engineer." The resolution following it, "that the committee on streets and sidewalks be and is hereby appointed a special committee to procure and report to the common council a survey and particular description" of the street, is to be taken in connection with the preceding one, and clearly involves a direction to the committee to lay out the street as well as to procure and report a survey of it.

It is claimed that this proceeding is void for another reason. It appears that when the resolutions laying out the several streets were presented to the board of aldermen on the 10th day of November, all were passed except the one now

under consideration, which was indefinitely postponed. On the 6th day of December following, that action was formally reconsidered; also another vote was passed rescinding it. On that ground it is claimed that the board of aldermen never legally concurred with the board of councilmen in ordering the lay-out. We are not disposed to discuss the technics of parliamentary law relating to a reconsideration of votes; much less to resort to such technics for the purpose of invalidating these proceedings. It is unnecessary. We think it was competent for the board of aldermen to rescind its former action, and thereupon to pass the resolution. That having been done we think there was a legal concurrence. The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.